

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Wrench Transp Ser v. Bradley

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1772

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wrench Transp Ser v. Bradley" (2005). *2005 Decisions.* Paper 960.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/960

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1772
_____

WRENCH TRANSPORTATION SERVICES, INC.; JAMES MALONE, JR.

v.

FRANK BRADLEY; JOHN F. KENNEDY; MARYANNE LEWICKI; LEAH ANN
MACMAHON

Frank Bradley,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

District Court Judge: Honorable Jose L. Linares
(D.C.  No. 95-cv-06203)

_____

Argued: March 29, 2005

Before: ALITO, SMITH and ROSENN, <u>Circuit Judges</u>

(Opinion Filed: June 27, 2005)

CONSTANTINE BARDIS (Argued)
Law Offices of Constantine Bardis, LLC
1800 Main Street
South Belmar, NJ  07719

*Counsel for Appellee*

PETER C. HARVEY
ROBERT P. SHANE (Argued)
Office of Attorney General of New Jersey
Richard J. Hughes Justice Complex
Trenton, NJ 08625

*Counsel for Appellant*

_____

OPINION OF THE COURT
_____

PER CURIAM:

Frank Bradley, a New Jersey State Investigator, appeals an order denying his qualified immunity summary judgment motion in an action brought under 42 U.S.C. § 1983 by Wrench Transportation Systems, Inc. and James Malone, Jr. (hereinafter collectively "Malone"). Malone claims that Bradley conditioned the return of lawfully seized trucks, held by the State subject to a pending forfeiture action, on Malone's willingness to testify untruthfully against targets of a state criminal investigation, Operation Boilermaker. Malone argues that Bradley thereby deprived him of his property interest in the seized trucks in violation of substantive due process rights guaranteed by the Fourteenth Amendment. Because Malone cannot establish that Bradley prevented the return of the vehicles in question, there is no causal relationship between the defendant's conduct and the deprivation of property and therefore no viable substantive due process constitutional claim. Accordingly, Bradley is entitled to summary judgment on the ground of qualified immunity. We do not express any opinion on whether an owner's

2

interest in vehicles properly seized and held subject to a forfeiture action is protected by the Due Process Clause of the Fourteenth Amendment.

Because we write only for the parties we proceed directly to the substance of the constitutional claim.

## I.

Qualified immunity shields state officials performing discretionary functions from suit for damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. Before reaching the question of whether a constitutional right is clearly established, a court must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). The question presented in this case, therefore, is whether Bradley violated Malone's constitutional rights by stating that the Wrench Transportation System vehicles would not be released unless Malone was willing to give false testimony.

Bradley argued before the District Court, and argues on appeal, that no constitutional violation occurred because, as a State Investigator, he lacked the power to release Malone's property and that Malone has therefore failed to establish any causal link between Bradley's conduct and the deprivation suffered. The District Court rejected this argument, stating that "it is not clear to this Court that Bradley did not have power to return Plaintiffs' property." Joint Appendix at 44. The District Court then focused on

whether it was clearly established that Bradley violated Malone's substantive due process interest in possessing the vehicles by conditioning the release of the vehicles on Malone's agreement to falsely testify against other targets of the criminal investigation. After holding that Bradley's alleged conduct was in violation of clearly established law, the District Court denied the motion for summary judgment based on qualified immunity.

The question of whether Bradley violated Malone's constitutional rights is a question of law over which we exercise plenary review. Montgomery County Comm'rs v. Montgomery County, 215 F.3d 367, 372 (3d Cir. 2000). As this matter arises on a motion for summary judgment, "inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to" Malone. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

II.

No constitutional claim exists under the Fourteenth Amendment unless the plaintiff can show that state action caused some injury. Deshaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195 (1989); Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999). This causation requirement is explicit in the constitutional text, which forbids any state to "*deprive* any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1 (emphasis added). To the extent Malone was deprived of his property, that deprivation was caused by the operation and

application of New Jersey's civil forfeiture statute. Malone abandoned a constitutional attack on the direct cause of his injury by forgoing a procedural due process challenge to the forfeiture statute. Therefore, in order to assert a constitutional violation, and satisfy the threshold inquiry set forth by Saucier, Malone must establish some connection between Bradley and the civil forfeiture action by showing that Bradley either interfered with the dismissal of the action or breached a duty to recommend that the action be dismissed.[1]

In this case, all of the evidence indicates that Bradley never expressed an opinion regarding the forfeiture case to the Bureau of Civil Forfeiture--the State agency with direct and exclusive authority over the action. Malone focuses on a conversation between Bradley and Patricia Leonard, a State Investigator involved in a separate investigation. Bradley allegedly misled Leonard regarding the existence of wire-taps incriminating Malone and encouraged her to persuade Malone to testify against the targets of Operation Boilermaker. Regardless of the propriety of these conversations, they were not relevant to or directed at the forfeiture action and therefore did not deprive Malone of his property and cannot support his substantive due process claim.

Malone also alleged that Bradley acted as part of a conspiracy in which

---

[1] The District Court erred in concluding that the causation analysis turned on whether a New Jersey State Investigator possesses the statutory or *de facto* authority to dismiss a civil forfeiture action. Regardless of whether a State Investigator possesses that authority, summary judgment must be granted because Malone has not raised a genuine issue of material fact as to whether Bradley actually exercised any authority reaching the forfeiture action.

5

several New Jersey officials, some with direct authority over the prosecution of the forfeiture action, conspired to deprive Malone of his property. No evidence of a conspiracy was ever produced. It is not sufficient at the summary judgment stage for Malone, the non-moving party, to rest on allegations of a conspiracy. Rather, in order to raise a genuine issue of material fact he must produce sufficient evidence to allow a reasonable jury to find that a conspiracy existed. See Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998). Having failed to present any evidence connecting Bradley to a larger conspiracy, the mere allegation cannot supply the causal element necessary to make out a constitutional claim.

Moreover, there is no support for the contention that Bradley was under an affirmative obligation to recommend that the forfeiture action be dismissed upon forming a belief "that Malone and Wrench were not guilty of the offenses alleged against them in that action." Joint Appendix at 31. Given that Bradley, as a State Investigator, bore no responsibility for the filing, prosecution, or dismissal of the forfeiture action, the District Court erred by concluding that Bradley's failure to intercede on Malone's behalf, regardless of his alleged motivation, deprived Malone of a protected property interest.

III.

Because Malone failed to connect Bradley's conduct to the continued retention of the vehicles in which Malone assertedly possessed a protected property interest, Bradley is entitled to summary judgment. We therefore reverse the order of the

6

District Court and remand with instructions to enter summary judgment in favor of the

Bradley.