OPINION OF THE COURT
CHAGARES, Circuit Judge.
Plaintiffs Wrench Transportation Systems, Inc. and its sole stockholder, James Malone, Jr. (“Malone”) appeal the District Court’s grant of summary judgment in favor of defendants John Kennedy and Leah Ann McMahon (“Kennedy” and “McMahon”). Because we find that Malone is not entitled to substantive due process protection for his purported interest in either his right to “engage in business” or his personal property ownership of his trucks, we will affirm the District Court’s grant of summary judgment in favor of Kennedy and McMahon.
I.
Because we write only for the parties, we will only address the facts that are relevant to our analysis. This case arises out of the civil forfeiture of certain Malone trucks seized in connection with a New Jersey state criminal investigation about the illegal transport of waste oil. Malone claims that the defendants violated his substantive due process rights when they allegedly refused to return the Malone vehicles unless Malone signed a release and provided testimony for them in connection with the criminal investigation.
To pursue this claim, Malone sued Frank Bradley (a New Jersey state investigator) (“Bradley”), Marianne Lewicki (a New Jersey state investigator) (“Lew-icki”), Kennedy, and McMahon under 42 *814 U.S.C. § 1983. In 2003, the District Court granted summary judgment to defendant Marianne Lewicki on the grounds of absolute immunity. See Appendix (App.) 14-15. Malone did not appeal that decision. In Wrench Transp. Serv., Inc. v. Bradley, 136 Fed.Appx. 521 (3d Cir.2005) (“Wrench I ”), we found that Bradley was entitled to qualified immunity because Malone was unable to show a causal connection between Bradley’s actions and the return of the Malone trucks. See Wrench I, 136 Fed.Appx. at 522. At that time, we declined to decide whether Malone had a proteetible substantive due process interest. Id.
In Wrench Transp. Sys., Inc. v. Bradley, 212 Fed.Appx. 92, 98-100 (3d Cir.2006) (“Wrench II”), we found that Kennedy and McMahon were not entitled to absolute immunity for their alleged actions in connection with their post-seizure conduct regarding Malone’s property, because they were acting in an investigatory, rather than a prosecutorial, capacity. We also held that there was no evidence that Kennedy or McMahon tried to coerce false testimony from Malone in exchange for the trucks. Id. at 100.
The case then returned to the District Court, where Kennedy and McMahon argued both that Malone had failed to show that his substantive due process rights were violated, and that, even if Malone’s rights had been violated, Kennedy and McMahon were still entitled to qualified immunity. The District Court granted summary judgment in favor of Kennedy and McMahon. It found that, with regard to Kennedy, Malone had failed to establish a causal connection between Kennedy’s actions and his alleged injuries, as he was required to do, and that Kennedy was entitled to summary judgment. See Wrench Transp. v. Bradley, No. 95-cv-06203, 2007 WL 4233011 at *4, *9 (D.N.J. Nov.29, 2007) (“Wrench III”). In addition, the District Court noted that even if Malone had established a causal connection between Kennedy’s actions and his alleged injuries, his failure to establish that he had a property interest that is protected by substantive due process would result in the failure of his claim. Although the District Court held that McMahon’s actions met the causal connection standard, it nevertheless found that McMahon was entitled to summary judgment because Malone failed to establish a substantive due process violation, a showing which is required for a 42 U.S.C. § 1983 claim. Id. at *8.
II.
The District Court had jurisdiction under 28 U.S.C. § 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews the grant of summary judgment de novo. Gonzalez v. AMR, 549 F.3d 219, 223 (3d Cir.2008). “Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Id. (citation omitted). See Fed.R.Civ.P. 56(c). When analyzing a summary judgment claim, “we must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party’s favor.” New Jersey Transit Corp. v. Harsco Corp., 497 F.3d 323, 326 (3d Cir.2007) (citation omitted).
III.
Section 1983 provides that “[ejvery person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party in *815 jured in an action at law, suit in equity, or other proper proceeding for redress.... ” It is a remedial statute; it does not create rights. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1996). To succeed on a § 1983 claim, “a plaintiff must show that the defendants, acting under color of law, violated the plaintiffs federal constitutional or statutory rights, and thereby caused the complained of injury.” Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir.2005) (citation omitted). Thus, we first look to see whether Malone was deprived of a constitutional light. The District Court found that he was not. We agree.
Malone contends that Kennedy and McMahon violated his rights under the substantive due process clause of the Fourteenth Amendment when they failed to return the Malone trucks. He argues that “ownership of trucks, which are used to support [a] business, is a property interest protected by the Constitution.... ” Appellant Br. at 27-28. He also contends that he has a fundamental right to “conduct business.” Id. at 30.
The Fourteenth Amendment provides that no state shall “deprive any person of life, liberty, or property, without due process of law....” U.S. Const, amend. XIV. Substantive due process is a “component of the [Fourteenth Amendment] that protects individual liberty against ‘certain government actions regardless of the fairness of the procedures used to implement them.’ ” Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). The Supreme Court explained in Collins that “[a]s a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this ... area are scarce and open-ended.” Id. (citation omitted). See also Nicholas v. Pa. State. Univ., 227 F.3d 133, 140 (3d Cir.2000) (citation omitted) (“The history of substantive due process ‘counsels caution and restraint.’ ”).
Whether the property right asserted is entitled to substantive due process protection depends on whether it is considered “fundamental.” Nicholas, 227 F.3d at 140. Fundamental rights are rights that are “deeply rooted in the Nation’s history and traditions .... [and] interests implicit in the concept of ordered liberty like personal choice in matters of marriage and family.” Id. at 143 (citations and quotation marks omitted). While this Court has found that there can be a fundamental interest in real property, interests like “a low bidder’s entitlement to state contract” as well as an entitlement to public tenured employment are not fundamental. Id. at 142. Indeed, Malone concedes that this Court has held that employment is not a protected property interest under a substantive due process analysis.
Here, we agree with the District Court’s finding that Malone’s asserted interests— the right to “engage in business” and his right to the ownership of the trucks — are more similar to the type of intangible employment rights that this Court has rejected as not protected by substantive due process than the real property interests which can be protected by substantive due process. Cf. Leib v. Hillsborough County Pub. Transp. Comm’n, 558 F.3d 1301, 1306 n. 4 (11th Cir.2009) (noting that while the plaintiff “abandoned” his claim that he was deprived of the “right to earn a living” nevertheless it “would have failed in any event given ... that employment rights do ‘not enjoy substantive due process protection .... ’ ”); Hill v. Borough of Kutztown, 455 F.3d 225, 234 n. 12 (3d Cir.2006) (“To the extent [plaintiffs] substantive due process claim was based not only on loss of his job, but also on reputational injury that *816 decreased his ‘ability to earn a living,’ it also fails.”); Medeiros v. Vincent, 431 F.3d 25, 32 (1st Cir.2005) (“The right to ‘make a living’ is not a ‘fundamental right’ ... for substantive due process purposes.”). In addition, while we have stated that “ownership is a property interest worthy of substantive due process protection,” DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600 (3d Cir.1995), abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir.2003), in Nicholas, we noted: “we have so far limited non-legislative substantive due process review to cases involving real property ownership.” 227 F.3d at 141 (emphasis added). Accordingly, we conclude that Malone has failed to establish that his personal property interest in his trucks is “fundamental” for purposes of our Fourteenth Amendment substantive due process analysis.
We therefore find that Malone has failed to establish that he has a property right which is protected by the Constitution.[2] Because Malone has failed to establish any substantive due process right here, regardless of the any causal connection between Kennedy and the return of the trucks, the arguments that Malone makes in his brief regarding potential genuine issues of material fact with regard to whether Kennedy caused a deprivation of his rights are rejected. Accordingly, the District Court did not err in granting summary judgment in favor of Kennedy and McMahon.
We briefly note that Malone also argues that the District Court erred when it found that Malone was barred from challenging a protective order that had been issued by the Magistrate Judge in this case because Malone had not filed timely objections. This Court has previously considered and rejected Malone’s argument on this issue. Wrench II, 212 Fed.Appx. at 100-01. We are not inclined to disturb our prior decision, and will therefore affirm the District Court’s ruling.
V.
For the foregoing reasons, we affirm the judgment of the District Court.

. Because we find that Malone's claim does not establish the deprivation of a Constitutional right, we need not determine whether Kennedy and McMahon are entitled to qualified immunity. See Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 815-18, 172 L.Ed.2d 565 (2009) (upholding the two prongs of qualified immunity analysis — that a plaintiff must show a “violation of a constitutional right” and that the right was "clearly established”— but finding that they do not necessarily have to be examined in a particular order).