

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2002

# Miller v. Twp of Readington

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3641

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Miller v. Twp of Readington" (2002). *2002 Decisions.* Paper 385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-3641

———————

NANCY C. MILLER,

Appellant

v.

TOWNSHIP OF READINGTON;
TOWNSHIP OF READINGTON COMMITTEE;
VITA MEKOVETZ, INDIVIDUALLY AND
IN HER CAPACITY AS READINGTON
TOWNSHIP ADMINISTRATOR/CLERK

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
(Dist. Court No. 99-cv-04057)
District Court Judge: Garrett E. Brown, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2002

Before: ALITO, AMBRO, and GARTH, Circuit Judges.

(Opinion Filed: July 9, 2002)

———————

OPINION OF THE COURT

———————

PER CURIAM:

Plaintiff Nancy Miller appeals from the District Court's order entering summary judgment against her in her § 1983 action, in which she alleged that she was improperly and arbitrarily terminated in violation of her procedural due process rights. The District Court found that Miller failed to establish either a statutory or contractual entitlement to an expectation of continued employment, and thus it held that she failed to show that her termination violated a cognizable property interest for procedural due process purposes. We agree with the District Court that a commonsense reading of the New Jersey statute on which Miller relies leads to the conclusion that Miller was employed on an "at will" basis and thus had no statutory or contractual expectation of continued employment.

I.

As the parties are well aware of the history of these proceedings and the facts involved, we need not repeat them here. Our review of the District Court's grant of summary judgment is plenary. New Castle County v. National Union Fire Insurance Co., 243 F.3d 744, 749 (3d Cir. 2001).

Miller argues that she had a due process property right in her employment because she had an expectation of continued employment grounded in a state statute and an implied contract. Miller bases her expectation of continued employment on (1) the termination "for cause" language contained in the statute authorizing the creation of her position, N.J.S.A. § 40A:63-6(b), and (2) an implied contract of continued employment created by the Township policies and Personnel Manual. The defendants argue that the statute created a position that was terminable "at will," and thus they assert that Miller had no statutory

expectation of continued employment in her position. Moreover, the defendants claim that this reading of the statute trumps any contract implied by Township policies and the Personnel Manual. The District Court agreed and granted the defendants' motion for summary judgment, ruling that Miller's employment had been at will and therefore that she had no property interest in her employment.

To state a procedural due process claim in the employment context, a plaintiff must show that she has a constitutionally protected liberty or property interest that the government infringed in a manner lacking in procedural fairness. See, e.g., Robb v. Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984). Cognizable property interests can be created by sources such as state law and implied or express contracts. Board of Regents v. Roth, 408 U.S. 564, 577-78 (1972); Nicoletta v. North Jersey District Water Supply Commission, 77 N.J. 145, 154-55 (1978). The first issue in this case is whether the statute pursuant to which Miller's position was created, N.J.S.A. § 40A:63-6(b), creates a statutory basis for finding that she had a property interest in her job.

N.J.S.A. § 40A:63-6(b) empowers the Readington Township Committee to:

3) create such offices and positions as they deem necessary. The officers appointed thereto shall perform the duties required by law and the ordinances of the committee. Other than the township attorney, engineer, building inspector, the clerk, tax collector and tax assessor who shall serve for terms as provided in Chapter 9 of Title 40A of the New Jersey Statutes, these officers shall serve at the pleasure of the committee; . . .
5) remove any officer of the municipality, other than those officers excepted by law, for cause.

There is no dispute that Miller's position as Senior Secretary was an "officer"

position created by the Committee pursuant to N.J.S.A. § 40A:63-6(b)(3).  Miller argues, however, that the "for cause" removal provision in subsection 5 indicates that she may be removed *only* "for cause."  That is, she claims that while she serves at the Committee's "pleasure" under subsection 3, subsection 5 must be read to mean that she may be removed from office only "for cause."  The defendants respond that the "at the pleasure of the committee" clause of subsection 3 creates an at-will employment relationship.

The District Court properly concluded that the provisions of N.J.S.A. § 40A:63-6(b) are best "reconciled as the legislature's attempt to make it clear that the Township Committee has the power to 'remove any officer of the municipality, other than those excepted by law, for cause.'" Dist. Ct. Memop. at 11, in App. at 11.  That is, the fixed-term officers, specifically excluded in subsection 3, who do not serve at the Committee's pleasure, may nonetheless be removed for cause.  This interpretation of the statute gives full force to the statute and is supported by New Jersey case law.  See Golden v. County of Union, 163 N.J. 420, 431 (2000).  There is nothing to support reading subsection 5 to mean that officers like Miller may be removed only for cause, as this reading would render virtually meaningless, or even contradictory, the "shall serve at the pleasure of the committee" clause of subsection 3.  Therefore, we agree with the District Court's conclusion that Miller's position was terminable at will.

II.

Miller also argues that she had a cognizable property interest in her employment based on an implied contract created by the issuance of the Township Personnel Manual.

We need not address this claim, however, because the statute is clear that her employment was at will, and this overrides any implied contractual interest Miller may have. See Golden, 163 N.J. at 431 ("In view of the clear statutory language establishing plaintiff's at-will employment status, it is not necessary for us to address whether a public agency may be bound by an implied contract or whether the manual here represented such a contract. The statute trumps whatever implied contract may have existed between the parties.").

Similarly, Miller's other state law claims for breach of contract are based on the "for cause" language of the statute. Because we resolve that issue against Miller, we dismiss her breach of contract claims.

III.

For the foregoing reasons, Miller's appeal is dismissed, and the District Court's order is affirmed.