**DALE FLEMING, Appellant/Plaintiff**

**v.**

**PEDRO CRUZ, COMMISSIONER OF THE DEPARTMENT OF HOUSING, PARKS, AND RECREATION, AND CRAIG WILLIAMS, ASSISTANT COMMISSIONER OF THE DEPARTMENT OF HOUSING, PARKS, AND RECREATION, IN THEIR PERSONAL AND PROFESSIONAL CAPACITIES, ET AL., Appellees/Defendants**

S. Ct. Civil No. 2011-0092

Supreme Court of the Virgin Islands

June 16, 2015

DALE FLEMING, Appellee, St. Thomas, USVI, *Pro se.*

ATIIM D. ABRAHAM, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *For Appellees.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*, and CHRISTIAN, *Designated Justice.* [1]

## OPINION OF THE COURT

### (June 16, 2015)

SWAN, *Associate Justice.* Dale Fleming appeals from the Order dismissing his complaint which alleged employment-related constitutional and civil rights violations. The trial court also liberally construed the complaint to have alleged tort claims under the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401-3416 (the "VITCA"). Because we find that Fleming failed to comply with the statutory requirements for asserting tort claims against the Government of the Virgin Islands, and because Fleming has made no factual allegations upon which relief can be granted, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

The Appellant, Dale Fleming, was employed on a construction site in Yacht Haven on September 22, 2005. Constant arguing and animosity between Fleming and his coworker, Sylvan Joseph, reached a climax on this date, when Fleming's supervisor, Daniel Wes Moore, observed Fleming threatening Joseph. Because of his threats directed at Joseph, Fleming was terminated from his employment at the end of the work day.

---

[1] Chief Justice Rhys S. Hodge is recused from this case. The Honorable Adam G. Christian has been designated to sit in his place pursuant to title 4, section 24(a) of the Virgin Islands Code.

Later that day, Fleming approached Joseph as he was in his vehicle at an intersection waiting for a traffic light to change. Fleming immediately struck Joseph on the left side of his face and broke the rear windshield of Joseph's vehicle with a bottle. Because of his injury Joseph was treated with six sutures at Roy L. Schneider Hospital. Fleming was subsequently arrested and charged in an amended information with third degree assault, using a dangerous weapon during the commission of a crime of violence, and vehicle tampering. A jury convicted Fleming of all charges.

Fleming appealed his convictions to the Appellate Division of the District Court of the Virgin Islands ("Appellate Division"). On April 5, 2011, the Appellate Division vacated Fleming's dangerous weapon conviction finding that there was insufficient evidence presented at trial for a jury to find beyond a reasonable doubt that Fleming used anything other than his fists in assaulting Joseph. *See Fleming v. Virgin Islands*, 775 F. Supp. 2d 765, 768-9, 55 V.I. 1016 (D.V.I App. Div. 2011). Nevertheless, the Appellate Division affirmed Fleming's conviction for third degree assault.[2]

On remand, the Superior Court resentenced Fleming on the two remaining convictions to time he had already served while incarcerated and ordered Fleming's release from the Bureau of Corrections. Following his release from incarceration, Fleming approached Appellee, Stanley Smith, who at the time was the assistant commissioner of the Department of Housing, Parks, and Recreation (the "Department"). Fleming tendered to Smith the Appellate Division's decision vacating one of his convictions and simultaneously requested to be reinstated to his former position of plumber with the Department. Smith informed Fleming that he would have to review the matter and thereafter contact him because Fleming's circumstance was unique.

Fleming next visited Eugene Irish, the union vice-president of the United Industrial Service, Transportation, Professional and Government Workers of North America's Virgin Islands branch, and presented Irish with the documentation, confirming that his conviction for possession of a dangerous weapon was reversed. Fleming further requested assistance in being reinstated with the Department. Subsequently, Irish sent Fleming

---

[2] Fleming raised no issue in this appeal concerning his conviction for vehicle tampering and he remains convicted for that offense.

a letter informing him that his past membership in the Union was noted, but due to the length of time that had elapsed since his convictions, there were no remedies available to him based upon his past union membership. When Fleming contacted Smith to inquire about the status of his reinstatement request, Smith informed Fleming that the Department did not have funds in its budget earmarked for reinstating him to his former position.

Fleming then filed a suit in the Superior Court against Smith and St. Claire Williams, the Commissioner of the Department at the time,[3] in their personal and professional capacities, alleging that the failure to reinstate him as a plumber with the Department violated his constitutional and civil rights. In his complaint, Fleming sought equitable and injunctive relief as well as damages in a tort claim for a total amount of one million dollars. The Government filed a motion to dismiss Fleming's suit and in a September 23, 2011 order and a memorandum opinion of the same date, the Superior Court granted the Government's motion and ordered the case dismissed with prejudice for "failure of Fleming to state a claim upon which relief can be granted." This timely appeal ensued.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." The Superior Court issued a final order, dated September 23, 2011, dismissing Fleming's case with prejudice. Accordingly, we have jurisdiction over this appeal. *See, e.g.,*

---

[3] At the time the suit was filed, Fleming bought action against Smith and Williams in their personal and official capacities. Since Smith and Williams no longer hold the positions of assistant commissioner and commissioner, the caption of this case has been updated to reflect the succession of these offices pursuant to V.I.S.CT.R. 34(c)(1) ("When a public officer who is a party to an appeal or other proceeding in the Supreme Court in his or her official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his or her successor is automatically substituted as a party."). Further, the Department of Housing, Parks, and Recreation has since been divided between the Virgin Islands Housing Finance Authority and the recently created Department of Sports, Parks, and Recreation. Since it cannot be clearly determined from the record which successor entity would be the appropriate replacement, and because we find that Fleming has not made any valid claims against the Government, we shall retain all references to the former Department of Housing, Parks, and Recreation throughout this opinion.

*Pichierri v. Crowley*, 59 V.I. 973, 977 (V.I. 2013) (order dismissing a case with prejudice is a final order from which an appeal lies for purposes of 4 V.I.C. § 32 (a)).

## III. ISSUES AND STANDARD OF REVIEW

■ Fleming appeals the September 23, 2011 order and memorandum opinion dismissing his complaint alleging tort claims and violations of his constitutional rights. In the complaint, Fleming alleges that the Government violated 42 U.S.C. § 1983, the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution for failing to reinstate him as an employee of the Department following the reversal of one of his convictions.[4] He purported to invoke the trial court's jurisdiction under 33 V.I.C. §§ 3401-3416.[5]

■ However, in his *pro se* brief, Fleming failed to address any of the issues in the order dismissing his complaint. Rather, he propounded the following issues: (1) whether the Government proved beyond a reasonable doubt that he used a dangerous weapon during the commission of a crime of violence in violation of 14 V.I.C. § 2251, and (2) whether the Government proved beyond a reasonable doubt that the reversal of his conviction for using a dangerous weapon during the commission of a crime of violence had no effect on his conviction for assault in the third degree. Normally, the failure to brief any issues raised results in a waiver of those issues. V.I. SUP. CT. R. 22(m). However, in the case of *pro se* litigants we "liberally construe purported notices of appeal . . . and allow an appeal to proceed so long as the intent to appeal the judgment is apparent, and there is not prejudice to the adverse party." *Rodriguez v.*

---

[4] The Sixth Amendment applies only to criminal cases, and is therefore not applicable here. U.S. CONST. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.") (emphasis added); *United States v. Ward*, 448 U.S. 242, 248, 100 S. Ct. 2636, 65 L. Ed. 2d 742 (1980) ("[T]he protections provided by the Sixth Amendment are available only in 'criminal prosecutions.' "). Therefore, Fleming's Sixth Amendment allegations will not be considered.

[5] In his complaint, Fleming stated that "[j]urisdiction is hereby invoked according to . . . Virgin Islands Code Title 33, Section 4&5." Because these sections refer to taxation and finance and are not relevant to Fleming's claims, the Superior Court liberally construed Fleming's complaint to be referring to 33 V.I.C. §§ 3401-3416, under which individuals may bring tort cases against Government officials.

*Bureau of Corr.*, 58 V.I. 367, 374 (V.I. 2013). The Appellees are aware that this matter is an appeal of the Superior Court's order granting their motion to dismiss and have submitted their brief arguing that the order be affirmed. Accordingly, we will review the trial court's order of dismissal.

A review of a trial court's grant of a motion to dismiss a complaint is made in accordance with the principles espoused in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), construing pleading requirements under Rules 8(a) and 12(b)(6) of the Federal Rules Civil Procedure. Federal Rules 8 and 12 are made applicable to the Superior Court by Superior Court Rule 7, which provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure." *See Brady v. Cintron,* 55 V.I. 802, 822 n.24 (2011) ("Federal Rule of Civil Procedure 8 is made applicable to the Superior Court by Superior Court Rule 7."). In *Iqbal* the United States Supreme Court expanded the holding in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), requiring that a plaintiff's complaint aver facts plausibly supporting entry of judgment on the claim, clarifying that this requirement is applicable to all civil complaints and not only to those involving antitrust. *Iqbal,* 556 U.S. at 684. Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678 (citing *Twombly,* 550 U.S. at 570).[6] On appeal, questions of law are afforded plenary review. *Phipps v. People,* 54 V.I. 543, 546 (V.I. 2011) ("Ordinarily, the standard of review for this Court's examination of the Superior Court's application of law is plenary. . . .") (citing *St. Thomas-St.*

---

[6] This Court summarized these requirements in *Brady v. Cintron,* 55 V.I. 802 (2011):

> Under Federal Rule of Civil Procedure 12(b)(6), a party may move to have a claim dismissed "for failure to state a claim upon which relief can be granted." The adequacy of a complaint is governed by the general rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure. In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal,* the United States Supreme Court interpreted Rule 8 to require a complaint to set forth a plausible claim for relief, and articulated the proper standard for evaluating motions to dismiss for failure to state a claim: "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."

*Id.* at 822, citing *Robles v. HOVENSA, LLC,* 49 V.I. 491, 501 (V.I. 2008); *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).

*John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (2007)); *Williams-Jackson v. Pub. Emps. Relations Bd.*, 52 V.I. 445, 450 (2009) (citation omitted).

## IV. DISCUSSION

Fleming makes audacious claims of entitlement to be reinstated as a plumber with the Department by virtue of the Appellate Division's reversal of one of his three felony convictions. Fleming asserts that the Department's failure to reinstate him resulted in a violation of his Fourteenth Amendment right to due process as well as a violation of his civil rights under 42 U.S.C. § 1983. Fleming insists that, based on these alleged violations, he is entitled to declaratory and injunctive relief, or alternatively damages in the amount of one million dollars. As the trial court enunciated below, Fleming has failed to articulate any claim or cause of action for which relief may be granted to him.

In his complaint, Fleming attempted to sue the Government and Government officials in their official capacity. Fleming purported to invoke the Superior Court's jurisdiction under 33 V.I.C. §§ 4-5.[7] However, the Superior Court liberally construed the complaint and concluded that Fleming was attempting to invoke the Court's jurisdiction under 33 V.I.C. §§ 3401-3416.

Generally, the Government and its officials are immune from suit in tort. However, the provisions of the VITCA embody an express waiver of the Government's sovereign immunity. *See* 33 V.I.C. § 3408.[8] The VITCA also specifies the guidelines and procedures for bringing a claim pursuant to the waiver of sovereign immunity under the Act's provisions. In dismissing Fleming's complaint for failure to state a claim, the trial

---

[7] The provisions of 33 V.I.C. §§ 4-5 regulate inheritance taxes, and are irrelevant to the jurisdiction of Virgin Islands courts over this claim and irrelevant to any issue in this case.

[8] 33 V.I.C. § 3408(a) states in pertinent part:

Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

court concluded that Fleming's complaint was not filed within the mandatory time limitations for a tort claim suit against the Government. We agree. Even if the suit was not outside the statutory requirements, we conclude that Fleming's complaint is devoid of any allegations cognizable in tort for which the Torts Claim Act would be applicable. Likewise, the complaint's allegations failed to state valid federal civil rights claims.

### A. Fleming failed to adequately plead a claim for entitlement to re-employment with the Department and failed to plead a constitutional violation.

■ In his complaint, Fleming asserts that his termination from employment and his failure to be reinstated to that employment position resulted in a deprivation of his property interest in continued employment, a violation of his due process rights under the Fourteenth Amendment, and a violation of section 1983.[9] The trial court also liberally construed Fleming's complaint to have asserted a claim under section 1983 and under the Equal Protection Clause.[10]

---

[9] 42 U.S.C. § 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[10] The concurring opinion, in very strongly worded language, admonishes the majority for addressing this issue. The concurring opinion states that this issue is a "new" and "hypothetical" one and that the Court's policy of liberally construing pro se filings does not condone addressing this issue. However, the concurring opinion fails to note that our rules declare that "issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented." V.I.S.CT. R. 4(h). The September 23, 2011 memorandum opinion of the Superior Court is directly on appeal before this Court. The trial court liberally construed Fleming's complaint to be asserting a claim under the VITCA. Therefore, this Court possesses clear statutory authority to review the decision of the trial court that is directly before us on appeal. *See* 4 V.I.C. § 32(a) and 4 V.I.C. § 32(c) ("[u]pon an appeal from a judgment or an order, the Supreme Court may reverse or affirm, wholly or in part, or may modify the judgment or order appealed from"). In his brief, Fleming demands to be reinstated to his former position with the Department of

 Section 1983 creates a federal cause of action for anyone deprived of a right or privilege under the Constitution or laws of the United States. The Fourteenth Amendment only provides procedural protection of property interests that a person has already acquired in specific benefits. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). For such a procedural due process claim to succeed a plaintiff must establish that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Iles v. deJongh*, 638 F.3d 169, 173 (3d Cir. 2011). There is no constitutional guarantee of an established right to continued employment. *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir.1994) (en banc) ("Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component. Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection."). *See also Roth*, 408 U.S. at 577 ("Property interests, of course, are not created by the Constitution."). Further, there is no substantive due process interest in continued employment. *See Wrench Transportation Systems, Inc. v. Bradley*, 340 Fed. Appx. 812, 815 (3d. Cir. 2009). Whether an employee has a procedural due process protected property right in continued employment is a question of territorial law, and such a property right must flow either from a statutory policy or contractual agreement. *Iles*, 638 F.3d at 173; *Roth*, 408 U.S. at 578. To succeed on a claim alleging a violation of procedural due process rights to continued employment, a plaintiff must prove that he had a property right in continued employment. *Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007).

██ ██ Under the pleading-sufficiency standards articulated by the Supreme Court in *Twombly*, and recognized in our precedent,

to survive a motion to dismiss for failure to state a claim upon which

---

Housing, Parks, and Recreation, as well as one million dollars in damages. (Br. of Appellant at 19.) It is certainly not hypothetical to liberally construe these demands to assert a form of tort claim against the Government.

relief can be granted, a complaint must survive a three-step analysis undertaken by a trial court:

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked [factual] assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. If there are sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first step, then the claim is plausible.

*Pollara v. Chateau St. Croix, LLC*, 58 V.I. 455, 471 (V.I. 2013). *See Brady*, 55 V.I. at 822-24; *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-50 (V.I. 2010). In his complaint, Fleming fails to present sufficient factual matter which, when accepted as true, would state a claim to relief that is plausible on its face as required under these standards. *See Iqbal*, 556 U.S. at 678. Although under Rule 8 of the Federal Rules of Civil Procedure, Fleming need not make detailed factual allegations, he was required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Fleming's complaint is exactly the kind of complaint that *Iqbal* warns against in that it contained labels and conclusions, and baldly asserted that the defendants' actions resulted in unlawful harm without the "factual enhancement[s]" needed in order to support such claims. *Id.* (quoting *Twombly*, 550 U.S. at 557). Fleming claimed to have a property interest in his continued employment with the Department, but he dismally failed to articulate the statutory or contractual basis from which such a property interest is derived. He also failed to articulate any factual premise which would conjure a due process violation of any property interest in his employment. It is unclear whether Fleming was employed by the Department in 2005 when he was working at the construction site in Yacht Haven. Fleming further failed at a minimum to state in his complaint that he was an employee of the Department and the dates of such employment. If he were

714

an employee of the Department, it is unclear what his employment status was, and whether such status would have afforded him a property interest in continued employment with the Department.

■ Regular employees of the Virgin Islands Government are a category of public employees that have a statutorily created property interest in continued employment, protected by due process. *See* 3 V.I.C. § 530. *See also Iles*, 638 F.3d at 174. Only regular employees are afforded such protection under the Virgin Islands Code. *Id.* In his complaint, Fleming did not allege that he is or was a regular employee, nor does he allege that his property interest in continued employment flows from any other source.[11] Fleming further failed to state whether the actions of the Department in terminating him failed to comport with due process requirements. A regular employee can only be deprived of his right to continued employment after compliance with statutorily required safeguards. For example, a regular employee may be terminated only for cause and only after he has been furnished with a written statement of the charges against him. 3 V.I.C. § 530(a). Fleming has failed to allege any noncompliance with this requirement for terminating a regular employee, as a basis for the claimed due process violation. If he was not a regular government employee, and his complaint fails to allege that he is, then the complaint failed adequately to allege that Fleming had a constitutionally protected due process interest in his employment.

■ Although we treat liberally the filings of *pro se* litigants, to hold that Fleming pled sufficient plausible supporting facts to survive a motion to dismiss would require us to make many assumptions regarding his status while employed with the Department. Fleming, at minimum, needed to allege in his complaint that he was an employee with the Department, state why he has a property interest in continued employment with the Department, and state how his due process rights in this property interest were violated. Fleming dismally fails in this regard.

---

[11] Fleming asserts in his appellate brief that he was a member of a union and covered under a collective bargaining agreement. However, Fleming did not make this or any other allegation in his complaint which might have justified a claim of entitlement to a property interest in continued employment with the Department based on the union contract. Fleming further does not present on appeal the terms of the bargaining agreement which might have granted him a property interest in employment. In addition, if Fleming was a union member he should have explored the avenues established by the union to seek relief from any allegedly unlawful termination.

■ Even if Fleming had alleged that he was a regular employee as defined by 3 V.I.C. § 530, he has exceeded the deadline established by statute to appeal his employment termination. 3 V.I.C. § 530(a) gives a regular employee 10 days after the issuance of a written statement of charges to appeal a termination to the Public Employees Relations Board ("PERB"). Fleming does not offer any justifiable or cogent reason for not pursuing this course of action if he disputed the reason offered as the cause for his termination. Incarceration, alone, is not a sufficient basis for failing to file a timely appeal of his termination. Innumerable court filings are made by persons who are incarcerated, and Fleming, a filer of numerous *pro se* claims, should have been able to comply with the deadline for perfecting an appeal of his termination irrespective of his incarceration. Further, such an appeal would be made to the PERB, and not the Superior Court, under the provisions of 3 V.I.C. § 530(a)(1).

■ Similarly, Fleming has also failed to sufficiently plead a section 1983 claim under the Equal Protection Clause. The Equal Protection Clause guarantees United States citizens a "right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322, 100 S. Ct. 2671, 65 L. Ed. 2d 784 (1980). "When a state actor turns a blind eye to the Clause's command, aggrieved parties . . . can seek relief pursuant to 42 U.S.C. § 1983." *Nabozny v. Podlesny*, 92 F.3d 446, 454 (7th Cir. 1996).

■ At the pleadings stage of a claim of a section 1983 violation against a local government, "only an allegation of the existence of a policy, practice, or custom and its causal link to the constitutional deprivation suffered is required to state a claim; however, if plaintiff's constitutional rights were not violated his § 1983 claims must fail." Colleen R. Courtade, Annotation, *What constitutes policy or custom for purposes of determining liability of local government unit under 42 U.S.C.A. § 1983 — modern cases*, 81 A.L.R. Fed. 549 (1987) (collecting cases). To plead a viable equal protection claim, a plaintiff must allege facts indicating selective treatment "compared with others similarly situated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1, 7 (1st Cir. 2001) (emphasis omitted). Fleming's complaint fails to satisfy this requirement because he does not assert that he was treated differently from other

persons who were similarly situated to him, or that the defendants acted with the purpose of punishing him for exercising his constitutional rights. In the absence of such allegations, the complaint was properly dismissed by the Superior Court. *See Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 57 (1st Cir. 2006).

Accordingly, because Fleming has failed to state a claim upon which relief can be granted, his complaint cannot possibly survive the Government's motion to dismiss; therefore, the trial court's order dismissing the complaint is affirmed.[12]

## B. Fleming failed to state a viable claim under the VITCA and he failed to follow the procedures to bring such claims under the Act.

██ ██ The trial court liberally construed Fleming's complaint to assert a claim under the VITCA. Under the VITCA, the Government waives its sovereign immunity from liability for actions involving loss of property, personal injury or death resulting from "the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands." 33 V.I.C. § 3408(a). Generally, "a state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state law requiring timely filing of notice." *Felder v Casey*, 487 U.S. 131, 152, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). The trial court, however, appears to have liberally construed Fleming's complaint to have also established tort claims against the Virgin Islands and individuals acting in their official capacity. Even if he had made a viable claim under the VITCA, Fleming failed to follow the necessary procedure required by statute to bring a timely claim under the VITCA.

---

[12] The trial court dismissed Plaintiff's complaint and the entire action pursuant to FED. R. CIV. P. 12(b)(6). However, with respect to the claims which were dismissed for failure to state a claim, the trial court should have granted Plaintiff leave to amend his complaint unless any proposed amendments would have been futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (collecting cases). This opportunity should have been afforded to Plaintiff notwithstanding the fact that he did not request it. *Id.* In this case, the record reflects that any amendments would have been futile, and, therefore, a remand to the trial court on this matter is unnecessary. As discussed above, based on the record, all of Plaintiff's claims under 42 U.S.C. § 1983 lack any legal support, he has waived many issues by failing to raise them at the trial and/or appellate levels, and now the deficiencies cannot be corrected by amending the pleading.

■ The VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands. It contains the Government's waiver of immunity from tort suits, but it must be invoked by using specific statutory procedures. Legislative intent to limit the Government's waiver of tort litigation immunity is explicit. The VITCA states that:

> *No judgment shall be granted in favor of any claimant unless* such claimant shall have complied with the provisions of this section applicable to his claim:
>
> (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

33 V.I.C. § 3409(c) (emphasis added). This statute categorically outlines the procedure for waiving the Government's immunity from suit. The very terms of the statute presumptively preclude any claimant from obtaining a favorable judgment if the claimant fails to comply with the statutory filing deadlines.

■ In its memorandum opinion, the trial court correctly states that if Fleming had asserted a viable local tort claim, the court would be outside its jurisdictional limitations if it were to hear the claim.[13] The trial court

---

[13] At page 3 of its opinion, the Superior Court stated that "the Court's jurisdiction over government officials . . . for claims sounding in tort is limited by the requirements of the Virgin Islands Tort Claims Act." Virgin Islands trial courts have held on more than one occasion that the failure to comply with the claim-filing procedures of the VITCA deprives the trial court of subject matter jurisdiction to hear tort claims against the Government and its officials. *E.g., Brewley v. Government*, 59 V.I. 100, 103 (V.I. Super. Ct. 2012); *Hobson v. Government*, 22 V.I. 87, 91 (Terr. Ct. 1986). However, this Court has never endorsed this legal principle. Moreover, persuasive precedent exists which counsels otherwise. *See, e.g., United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015) (construing comparable provisions of the Federal Tort Claims Act). In this case, we do not decide whether the VITCA's claim-filing requirements are jurisdictional, and affirm the trial court's decision on this aspect of the appeal based only upon the clear and unexcused failure of Fleming to comply with plain language of the statutory requirements. We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day.

correctly notes that in order for a plaintiff to take advantage of the Government's waiver of sovereign immunity, the plaintiff must file the suit within the time allotted by the Act. *See* 33 V.I.C. § 3409. Under the VITCA, tort claims or written notices of intent to file a claim against the Government must be filed within 90 days of the accrual of such claims. *See* 33 V.I.C. § 3409(c). The VITCA allows the trial court to exercise discretion in permitting late filings; however, this discretion is only allowed on claims filed within two years after the accrual of the cause of action, if reasonable excuse for late filing is shown, if the late filing does not cause substantial prejudice to the Government, and if the late filing contains the Information required by 33 V.I.C. § 3410. *Id.*

 Even if Fleming had alleged a viable tort claim, the trial court properly declined to hear it for several reasons. First and foremost, Fleming's employment was terminated on September 22, 2005, approximately six years prior to the filing of his *pro se* complaint. His filing is thus exceedingly dilatory and outside the time limits prescribed by statute for filing a claim, and outside the time allotted for the trial court to exercise its discretion to allow for a filing of a late claim.

Thus, because Fleming failed to meet statutory filing requirements, his claim was properly dismissed.

### C. Fleming's criminal convictions have no relevance to this civil appeal.

In his complaint, Fleming emphasizes the Appellate Division's reversal of one of his criminal convictions and suggests that this reversal should have some relevancy to his alleged right to be reinstated with the Department. Indeed, Fleming dedicates the vast majority of his appellate brief to arguing the lack of sufficient evidence to uphold his criminal convictions. Fleming's criminal convictions, however, are not on appeal before this court. Rather, the trial court's order dismissing Fleming's complaint is the only basis for this appeal.[14]

---

[14] The concurring opinion takes issue with the majority opinion for addressing an issue not directly discussed in Fleming's Appellant's brief, while simultaneously taking issue with addressing this issue that was directly raised in the Appellant's brief. We agree with the concurring opinion that this issue is not property before this Court. However, we do not, as the concurrence claims, address this issue on the merits. Rather we explain to the Appellant why this issue is not properly before this Court.

 Fleming appears resolutely convinced that the Appellate Division's reversal of one of his convictions is crucial to his entitlement to be reinstated with the Department. Assuming arguendo that Fleming was employed with the Department at the time of the incident with Joseph,[15] his criminal convictions have no relevance to the legal issues relating to his termination. It is evident from the record that Fleming's assault, arrest, and subsequent convictions could not have been the cause of his termination from the Department. Fleming's criminal convictions emanated from an incident that occurred *after* he was terminated from his employment. The trial record confirms that Fleming was terminated because of a continued conflict with Joseph, his coworker at the time, which culminated in threats made by Fleming to Joseph on the Yacht Haven property complex. To reiterate, it is noteworthy that the assault which prompted Fleming's arrest resulted from Fleming's attack upon Joseph after he was terminated from his employment. Therefore, Fleming was terminated for the initial confrontation and altercation he had with Joseph on the job site, and not for his subsequent attack upon Joseph at the traffic light after Joseph had departed the Yacht Haven complex. Accordingly, his criminal convictions for the assault upon Joseph can have no influence on or significance with respect to his reinstatement to the Department, when Fleming's assault upon Joseph was not the cause of his termination. Moreover, even if Fleming was wrongfully arrested and convicted, as he asserts, his arrest and conviction had no role in his termination. Accordingly, the Appellate Division's reversal of one of his convictions should play no role with respect to, and have no effect regarding, his sought-after reinstatement.

Obviously, Fleming does not truly comprehend the ramifications of the Appellate Division's reversal of his conviction for use of a dangerous weapon. He seems to assume that the reversal of one conviction together with his immediate release from prison qualified as some form of complete expungement of his criminal record. However, only *one* of Fleming's three criminal convictions was overturned, and thus he remains a convicted felon. The assault and the vehicle tampering charges were

---

[15] We reiterate that it is not clear from the record before us whether Fleming was employed with the Department when he worked at the Yacht Haven construction site on September 22, 2005. Although the record implies that he might have been an employee with the Department at some point, it is not precisely clear when this may have been so.

affirmed. Review of the present record demonstrates that his immediate release from incarceration was not a result of an expungement of his criminal record, but resulted from his resentencing to time he already served in prison on his convictions.

■ Fleming further argues in this civil appeal that the Appellate Division's reversal of his conviction for use of a dangerous weapon during the commission of a crime of violence necessitates a reversal of his third degree assault charge. Even if Fleming's criminal convictions were properly before this court on this appeal this argument is rejected. As Fleming has been previously informed, he was convicted of third degree assault in violation of 14 V.I.C. § 297(3) which is "assault[ing] another with premeditated design and by use of means calculated to inflict great bodily harm." He was not convicted of third degree assault under 14 V.I.C. § 297(2), which is assault with a deadly weapon. Accordingly, although the Appellate Division found a lack of sufficient evidence to establish the use of deadly weapon, this finding has no significance with respect to Fleming's conviction for third degree assault because he was not charged with the subsection of third degree assault that involves the use of a dangerous weapon.

## V. CONCLUSION

The Superior Court did not err in granting the Department's motion to dismiss because Fleming dismally failed to state a claim in his complaint for which any relief can be granted. Fleming did not timely file a claim under the VITCA. Further, Fleming has not established any cause of action against the Government because he did not demonstrate any entitlement to continued employment with the Department, or that any constitutional or due process right was violated.

Finally, Fleming's criminal convictions have no relevancy to his current civil appeal because his criminal judgment and commitment are not properly before this Court. According to the record before us, the criminal convictions as a group, and the reversal of one conviction by the Appellate Division, had no bearing upon Fleming's alleged termination with the Department, and accordingly have no bearing upon whether he should be reinstated. Fleming is adamant in his assertions that the reversal of his conviction for using a dangerous weapon completely exonerates his criminal record which is fallacious, and he remains a convicted felon to this day although he is no longer incarcerated.

For the reasons elucidated above, the September 23, 2011 Order of the Superior Court is AFFIRMED.

## CONCURRING OPINION

CABRET, *Associate Justice*, concurring.

I do not join the reasoning of the majority opinion in any respect, but I concur in the judgment affirming the Superior Court because of Fleming's failure to properly present this Court with any argument challenging the Superior Court's order dismissing his complaint.

The only issue Fleming raises in his appellate brief is whether his conviction for third-degree assault should be reversed. The majority opinion and the Government's appellate brief recognize, however, that the validity of Fleming's criminal convictions is not before this Court, and so it is entirely inappropriate to address this challenge to his convictions on the merits as the majority opinion does. This might have been warranted if Fleming had made anything resembling a claim for post-conviction relief, but he did not.

Further, Fleming's appellate brief does not make any arguments regarding the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401-3417, 42 U.S.C. § 1983 (which provides a private remedy for violations of federal law), or any other constitutional or statutory issue discussed in the majority opinion. While the majority cites this Court's policy of liberally construing *pro se* filings in reaching these issues, this Court has never invoked that policy to raise new and hypothetical arguments *sua sponte* on behalf of a *pro se* litigant. *Accord Appleton v. Harrigan*, 61 V.I. 262, 267 (V.I. 2014) (addressing an issue that a *pro se* appellant failed to properly brief only where the appellant made at least a perfunctory argument on the issue in a procedural section of the appellate brief). In short, not a single issue addressed by the majority opinion is properly before this Court, and none of these issues implicate Fleming's substantial rights in any way. *See* V.I.S.CT.R. 22(m) (this Court "may notice an error not presented that affects substantial rights").

Because Fleming has failed to properly present this Court with any argument challenging the Superior Court's order dismissing his complaint, I would affirm on that basis — instead of raising and rejecting arguments that were not presented to this Court even under the most liberal reading of Fleming's appellate brief.