**CHRISTOPHER M. HOWELL, Plaintiff**
**v.**
**UNITED STATES VIRGIN ISLANDS POLICE DEPARTMENT,**
**Defendant**

Civil No. SX-16-CV-351

Superior Court of the Virgin Islands

Division of St. Croix

December 29, 2016

151

MOLLOY, *Judge*

## MEMORANDUM OPINION

(December 29, 2016)

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss filed on July 29, 2016. Plaintiff filed an opposition to this motion on August 4, 2016. The Court held oral arguments on November 30, 2016.[1] For the reasons stated below, the Court will deny the motion to dismiss.

## I. FACTUAL BACKGROUND

At all times relevant to the facts alleged in the complaint, Plaintiff, Christopher Howell ("Howell"), served as the Chief of Police for the Virgin Islands Police Department ("VIPD"). While serving in that capacity, Howell sustained a job-related injury on August 12, 2012, while responding to an armed robbery at a restaurant located on St. Croix, U.S. Virgin Islands. Howell was shot several times resulting in physicians having to perform multiple surgeries on certain parts of his body over the past four years. Howell alleges that as a result of his injuries, he was rendered physically incapacitated from performing his police duties and therefore qualified for duty-connected disability under the Virgin Islands duty-connected disability statute. Howell alleges that he has been receiving duty-connected disability payments since he was injured on the job at 100% of his compensation. At the time Howell sustained his injuries in 2012, he was earning a salary of $93,000 per year.

In April 2013, Howell was appointed as the Special Assistant to the Police Commissioner and continued to receive his regular compensation of $93,000 per year. However, on April 25, 2016, the VIPD notified Howell that he would be reinstated to his former position of police sergeant, effective March 30, 2016, at an annual salary of $65,863.00, a reduction of approximately $27,137.00 per year from his previous position. Howell alleges that, to date, there has been no certification by a

---

[1] Attorney Robert A. Waldman appeared on behalf of the Plaintiff. Assistant Attorney General Chivonne A.S. Thomas appeared on behalf of the Defendant

duly licensed physician that he is permanently disabled, that he is physically fit to perform his police duties, or that he has otherwise recovered from his injuries.

After writing several letters to the Police Commissioner and not receiving a response, Howell filed the instant complaint on June 9, 2016, seeking a declaratory judgment that the March 30, 2016 reduction in his regular compensation from $93,000.00 to $65,863.00 while he was on duty-connected disability violated 3 V.I.C. § 584a(d)(1). On July 29, 2016, the VIPD filed a motion requesting that the Court dismiss the complaint for failure to state a claim upon which relief can be granted.[2]

## II. LEGAL STANDARD

 A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Fleming v. Cruz,* 62 V.I. 702, 710 (V.I. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face." *Id.* at 710 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotations omitted). A claim is plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1950 173 L. Ed. 2d 868, 884 (2009).

 The Virgin Islands Supreme Court has established a three-step analysis that a trial court must undertake when determining whether a complaint will survive a motion to dismiss for failure to state a claim. This three-step analysis was articulated in *Pollara v. Chateau St Croix, LLC,* 58 V.I. 455 (V.I. 2013), wherein the Supreme Court stated:

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that,

---

[2] The VIPD also sought a dismissal of the complaint on the grounds that Howell failed to properly serve the Governor of the Virgin Islands and the Attorney General. The VIPD subsequently withdrew this argument at the hearing held on November 30, 2016. The record in this matter does reflect that the Governor and the Attorney General were served with process on June 27, 2016 and June 30, 2016, respectively. However, it appears that these documents were filed before VIPD's counsel entered an appearance in this case. Nonetheless, the Court finds it unnecessary to address this issue any further.

because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked assertions devoid of further actual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. If there are sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first, then the claim is plausible.

*Id.* at 471. Moreover, "[t]he facts alleged in the pleadings, and any inferences drawn therefrom, must be viewed in the light most favorable to the plaintiff." *Bynoe v. CULUSVI, Inc.*, 2016 V.I. LEXIS 32, at *2 (V.I. Super. Ct. Apr. 1, 2016) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Twombly*, 550 U.S. at 557.

## III. DISCUSSION

The VIPD contends that the Court should dismiss the complaint because at the time Howell was injured, he was serving in an "exempt" position and therefore, had no property interest in his employment and any resulting compensation. Thus, the VIPD argues that it could terminate Howell's duty-connected disability payments at any time. The VIPD further argues that Howell's benefits under 3 V.I.C. § 584a ceased when he was reassigned to the position of Special Assistant to the Commissioner. The Court addresses these arguments below.

The VIPD correctly notes that an employee who serves in an "exempt" capacity for the Government of the Virgin Islands has no property interest in his or her employment and can be terminated with or without cause. *See Fleming v. Cruz*, 62 V.I. 702, 715 (V.I. 2015) (opining that pursuant to 3 V.I.C. § 530, only "[r]egular employees of the Virgin Islands Government are a category of public employees that have a statutorily created property interest in continued employment, protected by due process."); *see also Iles v. de Jongh*, 638 F.3d 169, 173, 55 V.I. 1251 (3d Cir. 2011) (explaining the distinction between positions in the exempt service and positions in the career service and noting that "[t]he exempt

designation is important because employees in that category can be terminated without cause."). However, whether or not Howell served in an "exempt" position is irrelevant as to whether he had a property interest in continued duty-connected disability payments under section 584a(d) (1).

■ The explicit language of the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.[3] In *Bd. of Regents v. Roth*, the United States Supreme Court opined:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548, 561 (1972).

■ A legitimate claim of entitlement to a job benefit can arise from state law or by contract. *Miller v. Twp. of Readington*, 39 Fed. Appx. 774, 775-76 (3d Cir. 2002) ("Cognizable property interests can be created by sources such as state law and implied or express contracts."). "A legitimate claim of entitlement means that a person would be entitled to receive the government benefit assuming she satisfied the preconditions to obtaining it. A claim of entitlement therefore is legitimate if award of the benefit would follow from satisfaction of applicable eligibility criteria." *NB v. District of Columbia*, 794 F.3d 31, 41, 417 U.S. App. D.C. 189 (D.C. Cir. 2015) (internal quotations omitted). However, if "the government retains 'unfettered discretion' to withhold the benefit even upon satisfaction of all eligibility criteria, 'no constitutionally protected property interest exists.' " *Id.* at 41-42 (citing *Wash. Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 36, 323 U.S. App. D.C. 219 (D.C. Cir.

---

[3] The Due Process Clause of the Fourteenth Amendment is applicable to the Virgin Islands by virtue of section 3 of the Revised Organic Act. *See Rivera-Moreno v. Gov't of the Virgin Islands*, 61 V.I. 279, 315 n. 11 (V.I. 2014); 48 U.S.C. § 1561 ("the following provisions of and amendments to the Constitution of the United States are hereby extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States . . . the first to ninth amendments inclusive [and] the second sentence of section 1 of the fourteenth amendment").

1997)). "In other words, a property interest exists if discretion is substantially limited." *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099 (9th Cir. 2010).

■ ■ Here, Howell seeks a declaratory judgment that the VIPD's decision to reduce his regular compensation while he was on duty-connected disability was a violation of 3 V.I.C. § 584a(d)(1). Section 584a(d)(1) reads, in relevant part:

> Notwithstanding any other provisions of this Code, any member of the police force . . . who, through no fault or misconduct on his part, is disabled by injuries received in the discharge of his duties as a police-man . . . shall, upon recommendation of the Police Commissioner . . . and when certified by a duly licensed physician or physicians designated by said Commissioner . . . stating that said policeman is physically or mentally incapacitated for the performance of his police . . . be paid the full amount of his regular compensation or wages until his disability arising therefrom has ceased, or until such time as such physician or physicians shall certify to the Police Commissioner . . . that said person has recovered and is physically fit to perform his duties or that such person is permanently disabled and unfit to perform such duties and shall recommend that said person be retired from government services as provided by law.

3 V.I.C. § 584a(d)(1). A clear reading of section 584a(d)(1) entitles a member of the police force who becomes disabled from injuries received in the discharge of his police duties, through no fault of his own, to receive 100% of his regular compensation upon the recommendation of the Police Commissioner and when certified by a duly licensed physician designated by said Commissioner. The plain language of section 584a(d)(1) requires that the individual "shall" receive the 100% duty-connected disability compensation until one of the following events occur: (1) his disability has ceased; (2) a physician (or physicians) certifies to the Police Commissioner that the individual has recovered and is physically fit to perform his police duties; or (3) the individual is deemed permanently disabled and unfit to perform such duties and shall recommend that said person be retired from government service. The Legislature's use of the word "shall" is very instructive as this term "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S. Ct. 956, 962 140 L. Ed. 2d 62, 72 (1998); *see also Shoy v. People of*

*the Virgin Islands*, 55 V.I. 919, 927 (V.I. 2011) ("In contrast, the use of the permissive auxiliary verb 'may' as opposed to 'shall' strongly suggests a discretionary rather than a mandatory action."). Thus, section 584a(d)(1) imposes certain limitations on the VIPD's ability to discontinue duty-connected disability compensation. Consequently, a person who is awarded benefits under this statute has a legitimate claim of entitlement creating a property interest in such benefits because section 584a(d) (1) places "substantive limitations on official discretion to withhold award of the benefit upon satisfaction of the eligibility criteria." *Barry*, 107 F.3d at 36 (quoting *Ohm v. Wakinekona*, 461 U.S. 238, 249, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983)). Simply stated, the VIPD does not have unfettered discretion to discontinue section 584a(d)(1) duty-connected disability benefits awarded to members of the police force.

■ The Court finds that the allegations in the complaint establishes that Howell has a legitimate claim of entitlement to receiving duty-connected disability benefits. Howell alleges that he suffered debilitating injuries to major parts of his body while in the course of performing his police duties. Compl. ¶¶ 10-12. Howell also alleges that he was rendered physically incapacitated for the performance of his duties as a result of his injuries. *Id.* at ¶ 13. Howell further alleges that he qualified for duty-connected disability payments and was in fact receiving 100% of his regular compensation pursuant to section 584a(d)(1) of duty-connected disability statute. *Id.* Moreover, Howell alleges that the VIPD transferred him to another position within the police force and cut his salary by approximately $27,137.00 on an annual basis. *Id.* at ¶ 21. Finally, Howell alleges that these actions were taken without there being a certification by a duly licensed physician that he is permanently disabled and unfit to perform his duties, has recovered from his injuries and no longer disabled, that he is physically fit to perform his duties, or that he should be retired from government service. *Id.* at ¶ 22. Thus, Howell's claim that he had a right to continued duty-disability payments under section 584a(d)(1) is more than a unilateral expectation. Section 584a(d)(1) contains the conditions that must be met before terminating duty-connected disability compensation. Howell alleges that the VIPD did not comply with those conditions.

■ ■ The VIPD argues that Howell's claim must be dismissed because he had no property interest in continued employment since he was serving in the "exempt" position as Chief of Police at the time he

sustained his injuries. This argument is misguided. Howell is not claiming an interest in continued employment. There is no allegation that his employment with the VIPD was terminated. Rather, Howell is claiming a right to a certain statutory benefit. The VIPD fails to recognize the distinction between a property interest in continued employment and a property interest in an employment benefit. Section 584a(d) (1) does not limit its application to individuals serving in non-exempt positions. The plain language of this statute applies to "any member of the police force." Thus, even if the Court were to assume that the position of Chief of Police was an "exempt" position under the Virgin Islands personnel merit system, this designation has no bearing on whether the VIPD must comply with the statutory requirements in order to terminate Howell's section 584a(d) (1) benefits.[4]

■ The VIPD also argues that since Howell alleges that he was reassigned to the position of Special Assistant to the Commissioner, his benefits under section 584a(d)(1) ceased because those benefits were tied to his position as Chief of Police. The VIPD argues that Howell will need another recommendation from the Police Commissioner in order to receive section 584a(d)(1) benefits while serving in the new position. The Court finds this argument unpersuasive. As stated above, section 584a(d)(1) establishes certain conditions that must be satisfied before the VIPD can terminate awarded benefits. There is no indication that the Legislature intended for these benefits to be tied to certain job titles within the VIPD. Rather, the language of section 584a(d)(1) establishes a strong indicia that awarded benefits are tied to the person once he is a "member of the police force." The VIPD cannot frustrate the intent of the statute by

---

[4] The VIPD attached two documents in support of its argument that Howell was serving in an exempt position at the time he alleges he was receiving duty-connected disability benefits. *See* Exhibit A (Notice of Personnel Action effective 05/17/2013) and Exhibit B (Memorandum re: Voluntary Acceptance of Exempt Position dated April 1, 2011) attached to VIPD's Motion to Dismiss. These documents do not directly pertain to any allegation asserted in the complaint. When matters outside the pleadings are presented to the Court in a 12(b)(6) motion, the Court may exclude the additional materials and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under FED. R. CIV. P. 56 and afford all the parties the opportunity to present supporting material. *See* FED. R. CIV. P. 12(d); *see also Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1998). Because the Court finds that the extraneous matters submitted are not relevant to deciding the present motion to dismiss, the Court will not convert the motion to a motion for summary judgment but will decide the motion based on the allegations alleged in the complaint

terminating benefits awarded to members of the police force by simply transferring that individual to another position especially when there is no medical certification that the disability has ceased, that the individual is able to perform his police duties, or that the individual should be retired from government service. Thus, reading the complaint in a light most favorable to Howell and accepting these factual allegations as true, the Court concludes that Howell has plead a plausible claim that would entitle him to relief under section 584a(d)(1).

## IV. CONCLUSION

For the reasons stated above, the Court will deny the VIPD's motion to dismiss and will issue an Order consistent with this Memorandum Opinion.