## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| DEBORAH SMITH ON HER OWN AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREG E. SMITH,<br><br>PLAINTIFF,<br><br>v.<br><br>VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION ON BEHALF OF THE GOVERNOR JUAN F. LUIS HOSPITAL AND MEDICAL CENTER,[1] DR. CASEY ONIK, M.D.,[2] DR. EDGAR PIERRE, M.D., AND DR. OLEG ODIN, M.D.,<br><br>DEFENDANTS. | Civil No. SX-2021-CV-654<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>CITE AS: 2022 VI SUPER 66 |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Royette Russell, Esq.**
Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

---

[1] The "Virgin Islands Government Hospitals and Health Facilities Corporation" is the correct name, and not the "Virgin Islands Hospitals and Health Facilities Corporation" as stated in the complaint. *See* Title 19 V.I.C. § 243(a) ("There is hereby created the Virgin Islands Government Hospitals and Health Facilities Corporation. The corporation is a body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands."). The "Governor Juan F. Luis Hospital and Medical Center" is the correct name, and not the "Juan F. Luis Hospital" as stated in the complaint. *See* Title 19 V.I.C. § 245(c) ("The [Virgin Islands Government Hospitals and Health Facilities Corporation] shall have jurisdiction over the Governor Juan F. Luis Hospital and Medical Center …and all personnel and equipment associated therewith."). As such, the Court will amend the caption to reflect the correct names. *See* V.I. R. CIV. P. 15-2 ("The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial.").

[2] In her April 18, 2022 motion to amend the complaint, Plaintiff indicated that the correct name is "Dr. Casey Onik, M.D." and not "Dr. Onika Casey, M.D." as stated in the complaint.

¶ 1    **THIS MATTER** is before the Court for review *sua sponte.*

## BACKGROUND

¶ 2    On August 18, 2021, Plaintiff Deborah Smith, on her own and as personal representative of the Estate of Greg E. Smith (hereinafter "Plaintiff"), filed a verified complaint against Defendant Virgin Islands Government Hospital and Health Facilities Corporation d/b/a Governor Juan F. Luis Hospital and Medical Center (hereinafter "VIGHHFC"), Dr. Casey Onik, M.D., Dr. Edgar Pierre, M.D., Dr. Elizabeth Delgiacco, M.D., and Dr. Oleg Odin, M.D. (collectively hereinafter "Defendants") in connection with the medical treatment Greg E. Smith received at Governor Juan F. Luis Hospital and Medical Center in April 2020. In her complaint, Plaintiff alleged, inter alia: (i) Dr. Casey Onik, M.D., Dr. Edgar Pierre, M.D., and Dr. Elizabeth Delgiacco are "licensed Virgin Islands physicians." (Compl. ¶¶ 5-7); (ii) Dr. Oleg Odin, M.D. is a "licensed Virgin Islands LOCUM." (Compl. ¶ 8); (iii) In April 2020, Greg E. Smith sought and received treatment from Defendants at Governor Juan F. Luis Hospital and Medical Center. (Compl. ¶ 11); (iv) Dr. Casey Onik, M.D. evaluated and examined Greg E. Smith. (Compl. ¶¶ 12-14); (v) Greg E. Smith disclosed to Dr. Casey Onik, M.D. that "he had been taking twelve Tylenol extra strength tablets a day for a week." (Compl. ¶ 12); (vi) "Other than questioning whether the Tylenol affected Greg Smith's stomach, Dr. Casey Onik, M.D. made no further evaluation of the relationship between the Tylenol and Greg Smith's symptoms." (Comp. 13); (vii) Dr. Casey Onik, M.D. consulted with Dr. Oleg Odin, "who also failed to properly examine, test, consult, and diagnose who [sic] incorrectly suspected possible Dengue fever." (Compl. ¶ 18); (viii) Dr. Edgar Pierre also evaluated and examined Greg E. Smith but "it appears he failed to review the chart as he failed to list the high dosage of Tylenol that had been noted on the intake information and simply copied the list of home medications entered by Dr Casey that had improperly not listed Tylenol" and

"when Dr Pierre noted Greg Smith 5 history he failed to identify the previous history of high Tylenol use." (Compl. ¶¶ 21-22, 29, 32); (ix) "Despite knowledge of high intake of Tylenol, Defendants failed to diagnose that as a possible cause of [Greg E. Smith's] condition." (Compl. ¶ 28); (x) Dr. Edgar Pierre, M.D. "misdiagnosed Greg Smith." (Compl. ¶ 36); (xi) Dr. Elizabeth Delgiacco, M.D. gave a hematology consult. (Compl. ¶ 40); (xii) "Defendants failed to properly examine, test, consult, diagnose, and treat Greg Smith, and were negligent" and "[a]s a result, Greg Smith died." (Compl. ¶¶ 45-46); and (xiii) VIGHHFC "negligently hired, retained, supervised" Dr. Onika Casey, M.D., Dr. Edgar Pierre, M.D., Dr. Elizabeth Delgiacco, M.D., and Dr. Oleg Odin, M.D. (Compl. ¶ 52.) The complaint included the following two causes of action: Count I-negligence (all Defendants) and Count II-negligent hiring (VIGHHFC).

¶ 3      On January 12, 2022, VIGHHFC filed an answer to the complaint. On February 3, 2022, Plaintiff filed a notice of proof of service whereby she indicated that Dr. Elizabeth Delgiacco, M.D. was served on February 1, 2022. On February 8. 2022, the Court entered an order whereby the Court granted Plaintiff's motion for an extension of 120 days to serve Dr. Edgar Pierre, M.D. and Dr. Oleg Odin, M.D. On March 10, 2022, Plaintiff filed a notice of proof of service whereby she indicated that Dr. Edgar Pierre, M.D. was served on March 9, 2022. On March 22, 2022, Dr. Edgar Pierre, M.D. filed an answer to the complaint. On March 23, 2022, the Court entered an order whereby the Court dismissed Dr. Elizabeth Delgiacco, M.D. without prejudice. On April 18, 2022, Plaintiff filed a motion to amend the complaint "to amend her Complaint to correct the name of Defendant Dr. Onika Casey, MD to Dr. Casey Onik, MD, and remove the allegations as to Dr. Elizabeth Delgiacc[o], M.D., pursuant to the Court's Order dismissing claims against Dr. Delgiacc[o], MD." (April 18, 2022 Motion.) On April 28, 2022, Plaintiff filed a notice of non-service for Dr. Casey Onik, M.D. On May 16, 2022, Plaintiff filed a notice of proof of service

whereby she indicated that Dr. Oleg Odin, M.D. was served on May 9, 2022. On May 29, 2022, the Court entered an order whereby the Court granted Plaintiff's motion for an extension of 90 days to serve Dr. Casey Onik, M.D. Thus, Plaintiff has until August 27, 2022 to serve Dr. Casey Onik, M.D. and file proof of service.

¶ 4     As of the date of this Memorandum Opinion and Order, Dr. Oleg Odin, M.D., has not filed a response to Plaintiff's complaint[3] and Plaintiff's April 18, 2022 motion to amend complaint remains pending. However, the Court must first determine that it has subject matter jurisdiction over this matter.

## DISCUSSION

¶ 5     Plaintiff did not specifically state in her complaint that this is a medical malpractice action. Nevertheless, based on the allegations, the Court finds that Plaintiff's claims may implicate the Virgin Islands Medical Malpractice Act (hereinafter "VIMMA") and the Virgin Islands Torts Claim Act (hereinafter "VITCA").

### 1. VIMMA

#### a. Whether the VIMMA is Applicable

¶ 6     As an initial matter, the Court must determine whether Plaintiff's claims constitute medical malpractice for purposes of the VIMMA. Under the VIMMA, medical malpractice "means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient," Title 27 V.I.C. § 166(f), health care "means any act, or treatment performed or furnished, or which should have been performed or

---

[3] Dr. Oleg Odin, M.D. was served on May 9, 2022. Rule 12 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 12") provides that "[a] defendant served with the summons and complaint within the Virgin Islands must serve a responsive pleading within 21 days after being served." V.I. R. Civ. P. 12(a)(1)(A). Nevertheless, before the Court orders Plaintiff to make an appropriate filing to move this matter forward as to Dr. Oleg Odin, M.D., the Court will first determine whether it has subject matter jurisdiction over the matter.

furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement," Title 27 V.I.C. § 166(b), and health care provider "means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician," Title 27 V.I.C. § 166(c). Here, Plaintiff's claims are torts based on health care or professional services rendered by Dr. Casey Onik, M.D., Dr. Edgar Pierre, M.D., and Dr. Oleg Odin, licensed physicians in the U.S. Virgin Islands, to Plaintiff, as a patient, at Governor Juan F. Luis Hospital and Medical Center, a hospital managed by VIGHHFC. Thus, Plaintiff's claims constitute medical malpractice as defined by the VIMMA and is subject to the requirements of the VIMMA.

### b. Pre-Filing Requirements of the VIMMA

¶ 7 The VIMMA establishes a pre-filing jurisdictional requirement before a plaintiff may commence a medical malpractice action under the jurisdiction of the Superior Court. *Daley-Jeffers v. Graham*, 69 V.I. 931, 936 (V.I. 2018) (citing *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011) (concluding that section 166i imposes pre-filing jurisdictional limitations on the Superior Court's ability to hear medical malpractice claims)). More specifically, the VIMMA provides that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the [Medical Malpractice Action Review] Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the [Medical Malpractice Action Review] Committee within ninety days from the date the complaint was filed with the [Medical

Malpractice Action Review] Committee, the claimant may commence his action against the health care provider in court." Title 27 V.I.C. § 166i(b). "The proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health." Title 27 V.I.C. § 166i(c). In *Brady*, the Virgin Islands Supreme Court noted that "[t]he purpose of the MMA and the Committee review process is to eliminate claims lacking merit and encourage prompt settlement of meritorious claims" and "[i]t specifically seeks to prevent actions from being filed in courts until after the statutory requirements of the MMA are fulfilled." 55 V.I. at 813 (internal quotation marks and citation omitted); *see* Title 27 V.I.C. § 166i(a) ("There is established within the Office of the Commissioner of Health a Medical Malpractice Action Review Committee (referred to in the rest of this section as "the Committee") the purpose of which shall be to arrange for expert review of all malpractice claims before actions based upon such claims are commenced in court.").

¶ 8     Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VIMMA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. "It is well established that a court may consider the issue of subject matter jurisdiction sua sponte. This is because, prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see* V.I. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VIMMA. Given that the pre-filing requirements of the VIMMA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her

compliance with the pre-filing jurisdictional requirements of the VIMMA, such as the date she filed a proposed complaint with the Medical Malpractice Action Review Committee and the date the expert opinion was received (or that ninety days has elapsed since the filing of her proposed complaint)[4] so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VIMMA, Plaintiff should plead facts indicating why she is not required to comply.

## 2. VITCA

### a. Whether the VITCA is Applicable

¶ 9    The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. *See* Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*].""). "The VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015); *see* Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances

---

[4] The VIMMA provides that "[u]pon receipt by the [Medical Malpractice Action Review] Committee of an expert opinion, the Commissioner of Health shall immediately forward a copy of the opinion to the plaintiff and defendant." Title 27 V.I.C. § 166i(d)(4).

where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter."). Here, based on the allegations, Plaintiff sued the "Government of the Virgin Islands" and "Employees of the Government" when she sued VIGHHFC, Dr. Casey Onik, M.D., Dr. Edgar Pierre, M.D., and Dr. Oleg Odin. *See* Title 33 V.I.C. § 3401 ("As used in this chapter, the term: 'Government of the Virgin Islands' includes… the Virgin Islands Government Hospitals and Health Facilities Corporation… [and] 'Employee of the Government' includes elected or appointed officials, employees, members of Governing Boards and Commissions and other persons acting on behalf of the Government of the United States Virgin Islands."). As such, the VITCA is applicable to the facts of this case.

### b. Pre-Filing Requirements of the VITCA

¶ 10 The VITCA provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section [3409]." Title 33 V.I.C. § 3409. The provision applicable to this case is section 3409(c):

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
>
> [A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
>
> Title 33 V.I.C. § 3409(c).

The VITCA further provides the requirements concerning the claim or the notice of intention:

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Title 33 V.I.C. § 3410.

¶ 11 The Court recognizes that, unlike the VIMMA, the Virgin Islands Supreme Court has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional or claims processing rules. *See e.g., Alexander v. Wilson*, 73 V.I. 528 ¶ 13 ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13. (V.I. 2015) ("In this case, we do no decide whether the VITCA's claim-filing requirements are jurisdictional...We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F. 2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals held that compliance with the pre-filing requirements under the VITCA are jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court. *See e.g., Yuxiang Peng v. Williams*, 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017);[5] *Christopher v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2016 165, *11

---

[5] In *Yuxiang Peng*, the Court addressed the issue of whether *Richardson* is still binding on Virgin Islands Superior Court:

> In *Richardson*, the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the de facto court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands*, 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands*, 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.

(V.I. Super. Ct. Oct. 12, 2016) ("despite any contrary intimations from the Supreme Court, this

Court is bound by the Third Circuit's precedent in *Richardson*, and must consider challenges to

the VITCA' s prefiling requirements as challenges to subject matter jurisdiction unless and until

the Supreme Court of the Virgin Islands conclusively determines otherwise"); *Hansen v. Gov.*

*Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, *9 (V.I. Super. Ct. June 22, 2018).

---

The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. See *Callwood v. Enos*, 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than $500); see also *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *16-20.

67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017).

Furthermore, the Court notes that in this instance, the Court need not undertake a *Banks* analysis concerning the VITCA because it is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley*, 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.*, the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip*, 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow ... decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed*, the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters*, 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds*, 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Richardson* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitively proclaims that the pre-filing requirements of the VITCA are not jurisdictional, the Court continues to find *Richardson* binding.

¶ 12    Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VITCA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. As noted above, the Court may raise the issue of its own jurisdiction sua sponte. *See Clarke*, 73 V.I. 512, ¶ 9 (internal quotation marks and citations omitted); *see also,* V.I. R. Civ. P. 12(h)(3). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VITCA. Given that the pre-filing requirements of the VITCA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VITCA, such as the date the claim or the notice of intention was "filed in the Office of the Governor" and the date a copy was "served upon the Attorney General" so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VITCA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VITCA, Plaintiff should plead facts indicating why she is not required to comply.

## CONCLUSION

¶ 13    Based on the foregoing, the Court will deny Plaintiff's April 18, 2022 motion to amend complaint and grant Plaintiff leave to amend her complaint to incorporate this order and the changes she intended to make in her April 18, 2022 motion to amended. The Court will determine whether the Court has subject matter jurisdiction over this matter based on Plaintiff's submission. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion to amend complaint, filed on April 18, 2022, is **DENIED**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a proposed first amended complaint and plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VIMMA and the VITCA in accordance with this Memorandum Opinion and Order, or alternatively plead facts indicating why Plaintiff is not required to comply. Plaintiff shall also include the changes she intended to make in her April 18, 2022 motion to amended—to wit, "to correct the name of Defendant Dr. Onika Casey, MD to Dr. Casey Onik, MD, and remove the allegations as to Dr. Elizabeth Delgiacc[o], M.D., pursuant to the Court's Order dismissing claims against Dr. Delgiacc[o], MD." (April 18, 2022 Motion.) No other amendment is permitted without leave of the Court. Plaintiff is notified that failure to file a proposed first amended complaint within the thirty-day deadline **SHALL CONSTITUTE PLAINTIFF'S ADMISSION** that the Court lack subject matter jurisdiction over this matter. It is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading…[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." V.I. R. Civ. P. 15-1. It is further:

**ORDERED** that the **CAPTION IS AMENDED** to reflect: (i) Defendant "Virgin Islands Government Hospitals and Health Facilities on behalf of Governor Juan F. Luis Hospital and Medical Center" in place of Defendant "Virgin Islands Hospitals and Health Facilities on behalf of the Juan F. Luis Hospital"; (ii) Defendant "Dr. Casey Onik, M.D." in place of Defendant "Dr.

Onika Casey, M.D."; and (iii) the removal of Defendant Dr. Elizabeth Delgiacco, M.D. All future

filings shall so reflect.

**DONE and so ORDERED this** ___13th___ **day of July, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____

Court Clerk Supervisor

Dated: ___7/13/2022___

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**